[No. 22027.  Department One.  January 16, 1930.]

TOLEDO SCALE COMPANY, *Respondent*, v. JOSEPH GRUS-
CZYNSKI *et al., Appellants.*[1]

*Elias A. Wright* and *Sam A. Wright,* for appellants.
*Caldwell & Lycette,* for respondent.

MILLARD, J.—This is an action to recover upon a
promissory note given by the defendants to the plain-
tiff in payment for a sidewalk pay-as-you-weigh scale.
The cause was tried to the court, resulting in findings,
conclusions and judgment in favor of the plaintiff. The
defendants, a marital community, have appealed.

The suit of respondent was brought upon a promis-
sory note for three hundred and fifty dollars, alleged
to have been executed and delivered November 22,
1927, by the appellant husband to the respondent. By
answer, the appellants admitted execution, delivery
and nonpayment of the note, and affirmatively de-
fended on the ground of conditional delivery of the
note.

While the evidence is conflicting, it prepon-
derates in support of respondent's theory that the note
was given in consideration of an absolute sale of side-
walk scales to the appellants.

[1]Reported in 283 Pac. 1086.

About November 14, 1927, one of the salesmen of respondent's Seattle agency entered into an oral agreement with Joseph Grusczynski to leave a penny weight scale at the store of appellants for a trial period of eight days. On delivery of the scale, Grusczynski signed a delivery receipt. On November 22, 1927, the date of the expiration of the demonstration period, Grusczynski purchased the scales. In payment of the purchase price of three hundred and seventy-five dollars, Grusczynski gave to the agent a check for twenty-five dollars payable to the Toledo Scale Company, and his note for three hundred and fifty dollars payable in monthly installments. Grusczynski removed periodically the pennies from the machine, and on the date of the trial of this action, March 1, 1929, had accumulated thirty odd dollars in pennies which he converted into moneys of larger denominations and placed in his safe. The scale was serviced, or repaired, by respondent's Seattle agency December 24, 1927, January 7, 1928; January 13, 1928, March 2, 1928, and November 23, 1928. For placing a glass in the face of the machine, the appellants paid three dollars. Appellants' check for twenty-five dollars was sent with the original note and the typewritten copy of the order to the Toledo headquarters of respondent. Respondent's sales manager testified that he received the promissory note, but that it was lost during moving and could not be located at the time of the trial. One of respondent's witnesses testified concerning the check:

"Q. You don't know what happened to the check after that, whether it ever came back or not? A. Only through correspondence. I understand that the check was marked 'insufficient funds' and was later returned to the bank and collection was made on it by our company from Toledo. . . . You say you saw the $25 check at the same time that you saw the promissory note? A. Yes. Q. Did the same person draw the check

that signed the promissory note? A. The same signature. The same signature. Q. It was one and the same signature? A. Yes. Q. And that was the signature of Joseph Grusczynski? A. Yes, sir.''

Appellants contend that, through an inadvertence, they admitted by their answer the execution of the note. Grusczynski, when called as a witness by the respondent, testified that he did not sign the note, and that the check never came back to the bank. Grusczynski admitted, however, that he received notice to pay the first installment due on the note. He testified that, when he received that notice, he advised the Seattle agency to remove the machine, as the scales had been left at his place on trial and that, if they did not produce an income of fifteen dollars for the thirty-day period, the scales would be removed by the company. This does not harmonize with appellants' exercise of dominion over the scales. He accepted servicing of the machine from December, 1927, to November 23, 1928, paid three dollars for repair of the scales and periodically withdrew the pennies from the scales.

Appellants argue that:

''. . . the scales in question had been left by respondent's salesman in their premises on a trial for thirty days and if they did not produce income or returns of $15 for the thirty-day period, respondent would take its scales out of the appellants' premises and that the law would imply that the respondent must return the appellant husband's note, if any he had signed, because there had been only a conditional delivery thereof, if one existed.''

The appellants have not sustained the burden of their affirmative defense of conditional delivery of the note. Only questions of fact are presented by this appeal. We are convinced by our examination that the evidence does not preponderate against the findings

of the trial court, therefore the judgment must be, and it is, affirmed.

MITCHELL, C. J., BEALS, PARKER, and TOLMAN, JJ., concur.